PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 1:17-CR-201 |
| v. | ) JUDGE BENITA Y. PEARSON |
| DEON MCGREGOR, | ) |
| Defendant. | ) **MEMORANDUM OPINION ON SENTENCING** |

## I. Introduction

Defendant Deon McGregor pleaded guilty to being a felon in possession of a firearm and ammunition. As indicated on the record, his objection to the application of the four-level upward adjustment, pursuant to United States Sentencing Guidelines §2K2.1(b)(6)(B), is overruled, and a sentence within the advisory guidelines range is sufficient and not greater than necessary, despite its overlap with the statutory maximum.

## II.

Defendant's crime was recorded. Despite the video evidence[1] showing Defendant slapping his girlfriend and then shooting at his perceived cuckhold, he argued:

---

[1] At sentencing, defense counsel made much of there being video without audio. The undersigned cannot fathom how audio would diminish the obvious evidence of law breaking or discourage the application of USSG §2K2.1(b)(6)(B).

(1:17-CR-201)

> Mr. McGregor did not possess the ammunition in connection with another felony offense. He did not knowing cause or attempt to cause serious physical harm to R.K., B.F., or L.W., or attempt to cause them harm with a deadly weapon. It was at worst a vandalism or criminal damaging which are not considered "felony" offenses in the USSG. Mr. McGregor shot at R.K.'s unoccupied car.

USSG §2K2.1(b)(6)(B) states, "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." For additional clarity, Application Note 14 of USSG §2K2.1 directs that Subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense…" The Court found by a preponderance of evidence that §2K2.1(b)(6)(B) applies, and credits the response of the Probation Officer who articulated:

> It should be noted that there is no standard requiring that a firearm or ammunition actually facilitated another felony offense, but rather this enhancement is applicable if a firearm or ammunition merely "had the potential" of facilitating another felony offense. That said, the probation officer submits that the ammunition was in fact used in connection with another felony offense; to wit, the attempted felonious assault of R.K. and his two friends. Moments after McGregor violently hit his girlfriend (Rhonda Jones) over the head and subsequently exited the bar with Jones, McGregor knowingly and intentionally shot at R.K. and two others five times as they walked toward R.K.'s vehicle, three of which rounds in fact hit R.K.'s vehicle.
>
> The Guidelines do not require that an individual be charged with 'another felony offense' in order to be held accountable for it in these circumstances. However, section 2903.11(A)(2) of the Ohio Revised Code defines felonious assault as "Knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordinance." It is the probation officer's position that by a preponderance of the evidence McGregor knowingly attempted to cause physical harm to R.K. and others in connection with his possession of ammunition by shooting at them five times.

ECF No. 17 at PageID#: 101. Defendant's argument that he only meant to assault property, that is the cars his intended victim sought shelter behind is risible. Defendant's reliance on *United*

2

(1:17-CR-201)

*States v. Gillespie*, 2017 U.S. App. LEXIS 22578, * 6 (6th Cir. Nov. 9, 2017) is misplaced. The Government met its burden of proof for the enhancement and the video evidence undermines Defendant's position, not the Government's.

Considering the statements made on the record which incorporate the sentencing guidelines policies and the 18 U.S.C. § 3553(a) factors, the Court rejects request for a downward variance. His history and characteristics dictate a sentence within the advisory Guideline sentencing range for Count One is 100 to 125 months of incarceration.[2]

As the Presentence Report reflects, the 33-year-old Defendant withdrew from school prior to completing the eighth grade, and he has never earned a general educational development diploma. He began abusing alcohol and marihuana as a teen, and he began ingesting cocaine, heroin, and Ecstasy in his late 20s. He has never married; and he has two minor children from prior relationships with two women. Defendant's employment history includes him owning a towing company for 2 years and working as a car detailer for 3 years. Prior to these jobs, McGregor was incarcerated for several years. He has no chronic health problems and has a negative net worth.

Of particular concern to the Court is Defendant's criminal history. He is a Criminal History Category V as a result of accumulating 12 criminal history points, which is one point less than the minimum required to be a Category VI. Prior to his instant offense, the defendant had received 13 convictions in 12 years, including 7 prior drug convictions, 2 prior theft convictions, and 1 prior firearm-related conviction. Additionally, the instant matter is the second offense

---

[2] A sentence of 120 months is easily justified.

(1:17-CR-201)

which involved the defendant physically assaulting a girlfriend. Further, he was serving a term of state probation at the time he committed the instant offense. That the advisory guidelines range overlaps the maximum is more likely proof of the sufficiency of the range, than a ground for a variance.

### IV. Conclusion

For the reasons set forth on the record during the sentencing hearing and herein, Defendant is sentenced to the custody of the Bureau of Prisons for a term of 100 months as to Count 1 of the Indictment. Upon release, Defendant shall serve a 3 year term of supervised release as to Count 1 of the Indictment, with standard and special conditions of supervision imposed. The Court waives the fine in this case. Defendant shall pay a $100.00 special assessment as to Count 1 of the Indictment, which is due immediately.

IT IS SO ORDERED.

 February 28, 2018       */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge